IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| SPARTAN MOTORS GLOBAL, INC. now known as THE SHYFT GROUP GLOBAL, INC. as Liquidating Trustee for Spartan-Gimaex Innovations, LLC,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>GIMAEX HOLDING, INC., ITURRI FEUERWEHR-UND UMWELTTECHNIK GMBH, ECHELLES RIFFAUD SA, and UNKNOWN INTERPLEADER DEFENDANTS 1-10,<br><br>Interpleader Defendants. | Case No.: _____ |

## COMPLAINT IN INTERPLEADER

Spartan Motors Global, Inc. now known as The Shyft Group Global, Inc., as Liquidating Trustee for Spartan-Gimaex Innovations, LLC ("Liquidating Trustee"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1335, files this interpleader complaint (the "Complaint") against interpleader defendants, Gimaex Holding, Inc. ("Gimaex"), Iturri Feuerwehr-und Umwelttechnik GmbH ("Iturri"), Echelles Riffaud SA ("Echelles"), and unknown interpleader defendants 1-10, (collectively Gimaex, Iturri, Echelles, and the unknown interpleader defendants shall be referred to as "Interpleader Defendants") stating as follows:

## NATURE OF THE ACTION

1. This is an interpleader action brought pursuant to FED. R. CIV. P. 22 and 28 U.S.C. § 1335 to determine who is lawfully entitled to certain funds arising in connection with the dissolution of Spartan-Gimaex Innovations, LLC to which the Interpleader Defendants may have potential competing claims, and to protect the Liquidating Trustee, in its capacity as

liquidating trustee for Spartan-Gimaex Innovations, LLC ("Spartan-Gimaex"), a dissolved Delaware limited liability company, from potential inconsistent claims by the Interpleader Defendants and/or by any other potential claimant that may assert that it is a successor in interest to or assignee of Gimaex, a Florida corporation, one of the two members of Spartan-Gimaex.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff/Stakeholder Liquidating Trustee is a Michigan Corporation with a principal place of business at 40600 Ann Arbor Rd, E STE 201, Plymouth, Michigan.

3. Defendant Gimaex is a Florida corporation with a principal place of business at 3801 PGA Boulevard, Suite 1001, Palm Beach Gardens, Florida.

4. Defendant Iturri, is, upon information and belief, a German company with a principal place of business at Essnener StraBe 8, 57234 Wilnsdorf, Germany.

5. Defendant, Echelles, is, upon information and belief, a French company with a principal place of business at 8 rue Henri Becqueri, Z.I. Mitry Compans, BP 215.77292, Mitry-Mory Cedex, France.

6. Unknown defendants 1-10 are entities of unknown type and unknown jurisdiction of organization.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1335 and 2361 in that there is diversity of citizenship between at least two of the adverse claimants, and the amount in controversy exceeds $500.00 exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 as Interpleader Defendant Gimaex resides in this district.

## COMPLAINT FOR INTERPLEADER

9. On November 8, 2012, Spartan Motors USA, Inc. ("Spartan") and Gimaex formed Spartan-Gimaex for the purpose of engaging in a joint venture.

10. Spartan and Gimaex each executed a Venture Agreement for Spartan-Gimaex (the "Venture Agreement") which was, by its terms, made effective as of November 8, 2012.

11. Spartan-Gimaex was organized primarily to utilize the joint resources of Spartan and Gimaex to develop, manufacture and distribute innovative products to fire services customers in North America, South America, Asia and Europe.

12. Spartan and Gimaex acquired certain assets in the course of its business.

13. Spartan-Gimaex ceased doing business, and on May 15, 2019, Spartan filed a petition for dissolution of Spartan-Gimaex in the Delaware Court of Chancery (the "Dissolution Proceeding").

14. The Court of Chancery entered an order appointing Liquidating Trustee as the liquidating trustee for Spartan-Gimaex and setting forth a procedure for dissolution. A copy of that order is attached as Exhibit 1.

15. In connection with the dissolution claims procedure, Iturri and Echelles asserted claims (collectively the "Claims"), each of which the Liquidating Trustee believes is in the nature of a claim as successor to Gimaex.

16. Liquidating Trustee disallowed the Claims on the basis of, *inter alia*, the applicable statute of limitations. Neither of the claimants filed an action within the time period specified in the Dissolution Order and the Claims are therefore forever barred as claims against the assets of Spartan-Gimaex

17. Liquidating Trustee has liquidated all of the assets of Spartan-Gimaex, administered all of the claims asserted against Spartan-Gimaex in the dissolution, and is in possession of $127,701.70 (the "Proceeds") to be distributed to the members of Spartan-Gimaex, Spartan and Gimaex.

18. Based upon what Liquidating Trustee believes to be the competing claims of Iturri and Echelles to the role of successor in interest to Gimaex, and based upon the Liquidating Trustee's lack of certainty as to whether the true successor in interest to Gimaex is either of Iturri or Echelles, or possibly some other unknown entity, the Liquidating Trustee seeks to interplead one half of the Proceeds, $63,600.85 (the "Interplead Funds"), i.e. the portion of the Proceeds to which Gimaex is entitled in dissolution, into the registry of this Court so that Iturri, Echelles, and any other presently unknown claimants,[1] may assert their claims as successors in interest to Gimaex and their entitlement to the Interplead Funds, and for this Court to resolve any such disputes.

19. Liquidating Trustee, as the stakeholder of a fund (the Interplead Funds), is thus entitled to interplead the Interplead Funds in this action due to the facts alleged herein, including: (i) Liquidating Trustee is completely and perfectly indifferent to the competing claims to the Interplead Funds as described herein; (ii) entitlement to the Interplead Funds is presently claimed by the competing claims of the Interpleader Defendants herein; and (iii) Liquidating Trustee has no interest in the Interplead Funds except as described herein.

20. Interpleading the Interplead Funds is necessary because the Liquidating Trustee is in receipt of information that puts it in a position to face multiple liability with respect to the Interplead Funds. Moreover, it would be inadvisable for the Liquidating Trustee to disburse the Interplead Funds without the intervention of the equitable powers of this Court.

21. The Liquidating Trustee is ready and willing for the Court to pay the Interplead Funds to whichever party or parties the Court shall designate.

---

[1] Neither the Liquidating Trustee nor Spartan makes any claim to the Interplead Funds, other than the Liquidating Trustee's request for attorneys' fees set forth herein.

22. The Liquidating Trustee has been prepared to distribute the Interplead Funds, and does not deny an obligation to distribute the Interplead Funds to Gimaex or its lawful successor in interest.

23. Because of the potential adverse interests in the Interplead Funds, the Liquidating Trustee is in the position of a stakeholder with respect to the Interplead Funds.

24. The Liquidating Trustee proposes to tender a check for the Interplead Funds to the Clerk of the Court, and it is requested that the Clerk deposit such funds into the Court's registry until the proper recipient or recipients of the Interplead Funds is determined.

25. The Liquidating Trustee is entitled to, and requests, an Order discharging it from liability as to the claims made against it by the Interpleader Defendants and any other persons with respect to the Interplead Funds.

26. The Liquidating Trustee has been forced to incur costs and fees to interplead the Interplead Funds through no fault of its own and therefore requests that it be reimbursed reasonable attorneys' fees and costs incurred in interpleading the Interplead Funds.

27. The Liquidating Trustee has not brought this interpleader action at the request of any of the Interpleader Defendants. There is no fraud or collusion between the Liquidating Trustee and any of the Interpleader Defendants. The Liquidating Trustee brings this action of its own free will to avoid conflicting and multiple claims.

WHEREFORE, Plaintiff Liquidating Trustee respectfully requests that the Court:

A. Require the Liquidating Trustee to pay the Interplead Funds to the Clerk of Court;

B. Require the Clerk of Court to deposit the Interplead Funds into the Registry of the Court;

C.    Require the Interpleader Defendants to interplead and assert their respective claims to the disputed Interplead Funds;

D.    Restrain and enjoin the Interpleader Defendants, and their agents or attorneys, from instituting or continuing the prosecution of any proceeding or any action against Liquidating Trustee in relation to the disputed Interplead Funds or the dispute described herein;

E.    Enter an appropriate Order allowing Liquidating Trustee to deposit the Interplead Funds into the registry of the Court or other appropriate depository,

F.    Enter an appropriate Order discharging Liquidating Trustee from any and all liability to each of the Interpleader Defendants and any other claimants to the Interplead Funds or any portion thereof with respect to the disposition of the Interplead Funds and matters raised in this action and dismissing the Liquidating Trustee as a party;

G.    Enter an appropriate Order allowing Liquidating Trustee to be reimbursed for the costs of this action, including its reasonable attorney's fees, from the Interplead Funds; and

H.    Grant such other and further relief as the Court deems appropriate.

Dated: <u>October 6, 2021</u>

        /s/ Andrew L. Cole
Andrew L. Cole (Florida Bar No. 0187496)
COLE SCHOTZ P.C.
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
Telephone 561 609-3856
Facsimile: 561 423-0392
acole@coleschotz.com

*Attorneys for Liquidating Trustee*

54328/0002-41416267v2

Liquidating Trustee Will Have Service of Process Made Upon the Following:

Gimaex Holdings, Inc.
3801 PGA Boulevard, Suite 1001
Palm Beach Gardens, Florida 33410

Iturri Feuerwehr-und Umwelttechnik GmbH
Essnener StraBe 8
57234 Wilnsdorf, Germany.

Echelles Riffaud SA
8 rue Henri Becqueri, Z.I.
Mitry Compans, BP 215.77292
Mitry-Mory Cedex, France.

54328/0002-41416267v2